UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                    CASE NO. 2:07-CV-11851
                    JUDGE PATRICK J. DUGGAN
                    MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

EWELL D. COMPTON,

      Defendant,

  v.

MICHIGAN DEPARTMENT OF TREASURY,
OAKLAND UNIVERSITY, MICHIGAN
NATIONAL BANK and DETROIT BOARD
OF EDUCATION,

      Garnishees.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SET ASIDE DEFAULT (Doc. Ent. 27) and MOTION FOR AN ORDER VACATING THE JUDGMENT (Doc. Ent. 29)**

**I.**     **RECOMMENDATION:** The Court should deny defendant Compton's October 6, 2011

motion to set aside default (Doc. Ent. 27) and same-day motion for an order vacating the

judgment (Doc. Ent. 29).

**II.**     **REPORT:**

**A.**     *Background*

**1.**     **Judgment**

      The facts underlying this case stem from three school loans executed by defendant Ewell

D. Compton during the 1980s.  The first and second loans were each in the amount of $5,000.00.

Doc. Ent. 1 at 7-8, 9-10.  Based upon a certificate of indebtedness dated March 7, 1999,

Compton defaulted on December 1, 1987; the guarantor assigned its right and title to the loans to

the Department of Education on June 6, 1994; and Compton's total debt as of March 4, 1999 was

$19,608.72, of which $10,732.04 was principal and $8,876.68 was interest.  Doc. Ent. 1 at 6.

The third loan was in the amount of $3,000.00.  Doc. Ent. 1 at 4-5.  Based upon a

certificate of indebtedness dated March 7, 2009, Compton defaulted on August 19, 1988; the

guarantor assigned its right and title to the loan to the Department of Education on May 7, 1993;

and Compton's total debt as of March 4, 1999 was $6,571.21, of which $3,184.33 was principal

and $3,386.88 was interest.  Doc. Ent. 1 at 3.

On April 27, 2007, the United States of America filed this complaint against Compton in

order to recover debt arising from these student loans.  Following the government's requests, on

July 9, 2007, the Clerk of the Court entered default and judgment by default in the amount of

$32,774.06.  Doc. Entries 3, 4, 5 & 6.

**2.      Garnishees Michigan Department of Treasury and Oakland University**

On November 12, 2007, the government sought issuance of continuing writs of

garnishment as to Compton and garnishees Michigan Department of Treasury and Oakland

University.  Doc. Entries 8 and 9.  Writs of garnishment as to these garnishees issued the same

day.  Doc. Entries 12 and 13.

On November 28, 2007, Oakland University filed an answer to the continuing

garnishment admitting liability.  Doc. Ent. 14.  On December 5, 2007, Judge Duggan entered an

order requiring Oakland University to pay 25% of disposable income when funds are available to

the U.S. Department of Justice.  Doc. Ent. 15.

The government contends it was unsuccessful in garnishing defendant's wages from

Oakland University.  However, the government claims it successfully garnished defendant's

State of Michigan income tax refunds in 2009 and 2010, in the amounts of $490 and $466,

respectively.  Doc. Ent. 31 at 2.

**3.      Garnishee Michigan National Bank**

On January 7, 2008, the government sought issuance of a continuing writ of garnishment

as to Compton and garnishee National City Bank.  Doc. Ent. 16.  A writ of garnishment as to this

garnishee issued the same day.  Doc. Ent. 18.  However, on January 28, 2008, National City

Bank filed an answer to the continuing garnishment denying liability.  Doc. Ent. 19.

**4.      Garnishee Detroit Board of Education**

On November 12, 2010, the government sought issuance of a continuing writ of

garnishment as to Compton and garnishee Detroit Board of Education.  Doc. Ent. 21.  A writ of

continuing garnishment issued the same day.  Doc. Ent. 23.

On January 11, 2011, Detroit Public Schools filed an answer.  Doc. Ent. 24.  On February

9, 2011, Judge Duggan entered an order requiring Detroit Public schools to pay 25% of

disposable income bi-weekly to the U.S. Department Of Justice.  Doc. Ent. 25.  According to the

government, it "began receiving bi-weekly garnishment payments of approximately $600 each

beginning in January 2011, and continuing to the present day."  Doc. Ent. 31 at 2.

**B.      The Instant Matters**

Currently before the Court are Compton's October 6, 2011 motion (Doc. Ent. 27) to set

aside the July 9, 2007 default (Doc. Ent. 5) and Compton's October 6, 2011 motion (Doc. Ent.

29) for an order vacating the July 9, 2007 judgment (Doc. Ent. 6).  In each filing, plaintiff

expresses his willingness "to appear on the date scheduled by the court to state [his] reasons for

this request."

Judge Duggan has referred these matters to me for entry of a report and recommendation. Doc. Ent. 30. The government filed a response on October 18, 2011. Doc. Ent. 31. A hearing on these matters was noticed for November 23, 2011. Doc. Ent. 33. However, based on my recommendation below, this hearing will be cancelled.

**C.      Analysis**

**1.**      Defendant's motion to set aside default asserts that he "was not served notice to appear before a hearing in [Flint or Detroit, Michigan] before the United States District Court [for the] Eastern District of Michigan." He also claims he "was not personally served with the default judgment." Doc. Ent. 27. In his motion for an order vacating the judgment, defendant further states:

> I[,] Ewell Compton[,] was at the time under stress with no relief[.] The IRS was [garnishing] my salary[,] my home went into foreclosure[,] I had to look for a place to rent that would except our family dog[,] [I] had to find another [j]ob[,] [a]nd [I had to] move into another rental home. I simply had a mere state of excusable neglect and a failure to send change of address notices to the [P]ost Office which cause[d] neglect in responding to the complaint.

Doc. Ent. 29.

**2.**      The Sixth Circuit has stated that "the three factors which control the decision of a Rule 55(c) motion to set aside entry of default also apply to a Rule 60(b) motion to set aside entry of a judgment by default:

> . . .
> 1. Whether the plaintiff will be prejudiced;
> 2. Whether the defendant has a meritorious defense; and
> 3. Whether culpable conduct of the defendant led to the default.

*United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983)

4

(quoting *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir.1982) (quoting

*Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).  The Sixth Circuit has also observed:

> In practice, however, the methodology for considering these factors and the
> weight to be accorded them depends on whether the court is confronted by an
> entry of default or a default judgment. When asked to set aside an entry of default,
> a court considers the first factor, defendant's culpability, in the general context of
> determining whether a petitioner is deserving of equitable relief. But when it is a
> judgment the defendant is seeking to avoid, the specific requirements of Rule
> 60(b) narrow the scope of the court's equitable inquiry. When relief is sought
> under Rule 60(b)(1), the culpability factor is framed in terms of "mistake,
> inadvertence, surprise, or excusable neglect." Furthermore, while it may be
> argued that the three factors are to be "balanced" by the court in determining
> whether to set aside an entry of default, balancing is demonstrably inappropriate
> when a court initially proceeds, as in the instant case, under Rule 60(b)(1). That is
> because the rule mandates that a defendant cannot be relieved of a default
> judgment unless he can demonstrate that his default was the product of mistake,
> inadvertence, surprise, or excusable neglect. It is only when the defendant can
> carry this burden that he will be permitted to demonstrate that he also can satisfy
> the other two factors: the existence of a meritorious defense and the absence of
> substantial prejudice to the plaintiff should relief be granted.

*Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) (internal

footnote omitted).  *See also Williams v. Meyer*, 346 F.3d 607, 613 -614 (6th Cir. 2003).[1]

**3.**    In its response, the government states, "it seems more likely that Defendant was served

with the Summons and Complaint, but chose to ignore it, instead waiting to receive a second

---

[1]"The record establishes that in failing to timely file neither Williams nor his counsel
engaged in any culpable conduct. First, Williams' failure to timely file objections does not appear
to have been 'willful' or the result of 'carelessness' or 'negligence.' *See Weiss [v. St. Paul Fire
and Marine Ins. Co.]*, 283 F.3d [790][,] 795 [(6th Cir. 2002)]. He timely asked for enlargements
of time, and the time requested was not extraordinary. His first motion for an enlargement of
time, which was granted, was timely filed and sought merely an additional thirty days. The
second motion was also timely filed and asked for only an additional twenty-one days.
Moreover, the length of time that lapsed between the appointment of Williams' counsel and the
filing of the amended petition, while not irrelevant, does not obviate the need for sufficient time
after receiving the magistrate's report and recommendation to review the actual report and
prepare responsive objections." *Williams*, 346 F.3d at 613-614.

5

notice that would direct Defendant to appear at a hearing." Doc. Ent. 31 at 3. Also, the government points out that, "[a]lthough Defendant contacted the office of Plaintiff's counsel regarding the garnishment in December 2010 claiming to know nothing about the debt, Defendant never filed an objection to this, or any previous garnishment." Doc. Ent. 31 at 2.

Furthermore, the government contends that defendant "sat idly by after being served with a Summons and Complaint, notice of entry of a Default Judgment, and multiple successful garnishments by Plaintiff." Doc. Ent. 31 at 5. As argued by the government, "[i]t defines credulity to believe that Defendant would sit idly [by], ignoring a Summons and Complaint, a Default Judgment, and allow Plaintiff to garnish more than $13,000 from his wages and tax returns if he truly did not believe he was liable for this debt." Doc. Ent. 31 at 6.

**4.**     The Court should deny defendant Compton's October 6, 2011 motion to set aside default (Doc. Ent. 27) and same-day motion for an order vacating the judgment (Doc. Ent. 29).

Process server Keir Pittman certified that, on May 29, 2007, an African American male was personally served at 16861 Stout Street, Detroit, Michigan 48219, but he refused to sign. Doc. Ent. 2. The Stout Street address was used for service upon defendant of the July 9, 2007 entry of default and entry of judgment by default on August 9, 2007 (Doc. Ent. 7), the various requests for writ of garnishment (Doc. Entries 10, 11, 17 and 22), and the February 9, 2011 garnishee order (Doc. Ent. 25) on February 10, 2011 (Doc. Ent. 26).

Nearly eight months went by following Judge Duggan's February 9, 2011 order directing garnishee Detroit Public Schools to pay (Doc. Ent. 25) without any filings in this case. Meanwhile, as the government represents in its October 18, 2011 response, it "began receiving bi-weekly garnishment payments of approximately $600 each beginning in January 2011, and

continuing to the present day." Doc. Ent. 31 at 2.

Then, on October 6, 2011, defendant filed a notice that his address had changed to 17361 Cherrylawn, Detroit, Michigan 48221 (Doc. Ent. 28), along with the instant motions (Doc. Entries 27 and 29). This was the address used for service of the Court's October 17, 2011 order of reference (Doc. Ent. 30); the government's October 18, 2011 response (Doc. Entries 31 and 32); and the Court's November 9, 2011 (Doc. Ent. 33) notice of hearing.

Based on the foregoing, the Court should conclude that defendant's own culpable conduct led to the July 9, 2007 entry of default (Doc. Ent. 5) and judgment by default (Doc. Ent. 6). To begin, the summons - issued on April 27, 2007 and served on May 29, 2007 - specifically provides that "[f]ailure to answer or take other action permitted by the Federal Rules of Civil Procedure may result in the issuance of a judgment by default against you for the relief demanded in the complaint." Doc. Ent 2 ¶ 3.

Furthermore, despite the government's requests for the clerk's entry of default /judgment by default (Doc. Entries 3 and 4), which were implemented by the Clerk of the Court the same day (Doc. Entries 5 and 6), and despite the government's various requests for writ of garnishment (Doc. Entries 8, 9, 16 and 21), each of which was immediately acted upon by the Clerk of the Court (Doc. Entries 12 and 13, 18 and 23), the only filings in this case attributable to defendant are his October 6, 2011 motions (Doc. Entries 27 and 29) and his October 6, 2011 notice of address change (Doc. Ent. 28).

Therefore, the Court should agree with the government that "[d]efendant has not provided this Court with good cause or grounds justifying his failure to answer the Complaint," Doc. Ent. 31 at 6, and, accordingly, should deny defendant Compton's October 6, 2011 motion

7

to set aside default (Doc. Ent. 27) and same-day motion for an order vacating the judgment (Doc. Ent. 29).

## III.    **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

8

Dated 11/15/11

The undersigned certifies that a copy of the foregoing
order was served on the attorneys of record and  by
electronic means or U.S. Mail on November 15,  2011.

s/Eddrey Butts
Case Manager